UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60866-RAR

PMG-GREYBROOK RIVERFRONT I, LLC,
d/b/a SOCIETY LAS OLAS,

        Plaintiff,

v.

RYAN D'AMATO,
AND ALL OTHERS IN POSSESSION,

        Defendant.
_____/

**ORDER REMANDING CASE**

**THIS CAUSE** is before the Court *sua sponte*. On May 9, 2022, Defendant Ryan D'Amato removed this dispute to federal court. *See* [ECF No. 1]. This case must be remanded because the Court does not have subject matter jurisdiction. "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Indeed, federal courts must "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Defendant attempts to assert federal question as the basis for this Court's jurisdiction in his Notice of Removal. Specifically, Plaintiff avers that although the state court Complaint is one for possession of residential real property asserting unlawful detainer under section 82.04 of the Florida Statutes, *see* [ECF No. 1-2], it "arises under federal law in that the action alleges deprivation of rights under the United Satiates Constitution, under the Fair Housing Act, 42 U.S.C. 3601 et seq. [and Defendant] is being discriminated against based on race [under] Title VII of the

Civil Rights Act of 1964 . . . ." [ECF No. 1] at 1 (errors in original). Defendant goes on to cite discrimination that "raises a 'federal question'" and references a violation of procedural due process under the Fourteenth Amendment. *Id.* at 2.

In actuality, however, the Complaint does not provide a basis for federal subject matter jurisdiction. *See Lacayo v. Wells Fargo Bank, N.A.*, No. 16-23187, 2019 WL 8756577, at *6 (S.D. Fla. Sept. 23, 2019) ("In Florida, an unlawful detainer is a county court lawsuit filed pursuant to chapter 82 of the Florida Statutes, requesting the state court order a person to leave a property."). Federal courts do not have subject matter jurisdiction over state eviction proceedings, so this case was improperly removed to this Court. *See, e.g.*, *Eagles Point Ventures, LLC v. Perry*, No. 8:20-CV-1196-T-36AAS, 2020 WL 4251667, at *1 (M.D. Fla. July 24, 2020) (remanding action where state court complaint alleged "a landlord-tenant dispute based entirely on state law" and therefore the Court was without jurisdiction); *Oasis at Moss Park, LLC v. Gamble*, No. 6:17-CV-1224-ORL-18KRS, 2017 WL 3267808, at *2 (M.D. Fla. July 11, 2017), *report and recommendation adopted*, 2017 WL 3251601 (M.D. Fla. July 31, 2017) (remanding action because the "complaint does not allege a federal cause of action . . . its action for eviction arises squarely under state law . . . [defendant] may believe that his eviction violates the federal Fair Housing Act . . . [but] any defenses or counterclaims he may raise . . . do not confer federal question removal jurisdiction on this Court."); *Cara FL Props., LLC v. Richards*, No. 8:12-CV-12-T-33AEP, 2012 WL 45424, at *2 (M.D. Fla. Jan. 9, 2012) (remanding action for eviction of holdover tenant because there was no federal question, despite the fact that defendant tenant claimed in his notice of removal that plaintiff landlord evicted him for reasons that violated the Fair Housing Act).

Ultimately, federal question jurisdiction "exists only when a federal question is presented on the face of a plaintiff's well-pleaded complaint and [] assertions of defenses or counterclaims

based on federal law cannot confer federal question jurisdiction over a cause of action." *Savannah Midtown LLC v. McDonald*, No. 1:13-CV-3530-WSD, 2013 WL 6196559, at *1 (N.D. Ga. Nov. 27, 2013) (remanding where pro se defendant removed state eviction action on the basis of federal question). Here, on the face of the state court Complaint, no federal question exists. Accordingly, the Court lacks subject matter jurisdiction and remand is warranted.

Aside from Plaintiff's inability to convert this action into a federal case, the Court also notes that the Notice of Removal, the state court Complaint, and the attached exhibits also demonstrate that the requirements for diversity jurisdiction are not met. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007) (noting that federal district courts are not permitted to speculate in an attempt to bolster insufficient allegations contained in a Notice of Removal). Under section 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The Notice of Removal does not state the citizenship of any party and does not discuss damages at all. *See* [ECF No. 1]. In fact, it appears that Defendant is a citizen of Florida and Plaintiff is a corporation with its principal place of business in Florida. *See* [ECF No. 1-2]. As such, the Court also lacks subject matter jurisdiction pursuant to diversity of citizenship.

In sum, this is a straightforward state court action under Florida law seeking possession of residential real property. Proceedings for unlawful detainer are governed by state law, and no federal question exists on the face of the Complaint. Defendant has not met his burden to demonstrate subject matter jurisdiction. Therefore, it is hereby

**ORDERED AND ADJUDGED** that the above-styled action is **REMANDED** to the County Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk

of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  Any pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 10th day of May, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**